| | | |
|---|---|---|
| Bettie Pullen-Walker, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 C 7053 |
| | ) | |
| Roosevelt University, Roosevelt University | ) | |
| Board of Trustees, Valerie Janesick, Nancy | ) | |
| Glynn, George Lowery, Steven Cohen (et al) | ) | |
| Mary Hendry, Louise Love, Vinton Thompson, | ) | |
| Antonia Potenza, Beth Reissenweber | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER AND OPINION

MARVIN E. ASPEN, District Judge:

Defendants Roosevelt University, Roosevelt University Board of Trustees, Valerie

Janesick, Nancy Glynn, George Lowery, Steven Cohen (et al), Mary Hendry, Louise Love,

Vinton Thompson, Antonia Potenza, and Beth Reissenweber ("Roosevelt University") removed

a breach of contract action from the Circuit Court of Cook County, Illinois to the Northern

District of Illinois on the basis of federal question jurisdiction. Presently before us is Plaintiff

Bettie Pullen-Walker's motion to remand the case to state court for want of subject matter

jurisdiction. For the reason set forth below, we grant plaintiff's motion to remand.

## BACKGROUND

Bettie Pullen-Walker filed a breach of contract claim against Roosevelt University in the

Circuit Court of Cook County, Illinois, on August 29, 2005 (No. 2005 L 009440). (Notice of

Removal Ex. A; Am. Mot. for Remand ¶ 1). The complaint alleges breach of an unwritten,

implied contract in violation of the Illinois Code of Civil Procedure, 735 ILCS 5/13-205, on the

basis of her expulsion from Roosevelt University's Educational Leadership and Organizational

Change doctoral program. (Compl. ¶ 1). In her narrative *pro se* complaint, Plaintiff uses

language that defendants characterize as stating federal claims; *e.g.*, "prior restraint on written

expression," "double jeopardy," "ban on freedom of speech and right to assembly," and "den[ial]

of procedural due process." (Compl. ¶ 14). Due to the potential inclusion of federal causes of

action, Roosevelt University filed a petition for removal to federal court based on federal

question jurisdiction pursuant to 28 U.S.C. § 1441.

## ANALYSIS

A defendant may remove a case from state court to federal court by filing in federal

district court a notice of removal with a statement of grounds for removal. 28 U.S.C. § 1446(a).

However, a defendant must file the notice of removal within thirty days after receipt, through

service or otherwise, of the initial pleading. 28 U.S.C. § 1446(b). "Although the 30-day time

limit in § 1446(b) is not jurisdictional, it is mandatory and strictly applied." *Citibank, N.A. v.

Grafmeyer*, No. 05 C 3680, 2005 WL 1799280, at \*1 (N.D. Ill. Jul. 27, 2005) (*quoting McCoy v.

Gen'l Motors Corp.*, 226 F. Supp. 2d 939, 943 (N.D. Ill. 2002); *see also Dial-In, Inc. v. ARO

Corp.*, 620 F. Supp. 27, 29 (N.D. Ill. 1985) ("The 30-day period set forth in § 1446(b) . . . cannot

be extended by consent of the parties or by court orders."); *Perrin v. Walker*, 385 F. Supp. 945,

947 (N.D. Ill. 1974) (same). Furthermore, "the party seeking to preserve removal . . . bears the

burden of establishing, by a preponderance of the evidence, that it complied with the

requirements of the removal statute." *Clemons v. Ferolito, Vultaggio & Sons*, No. 03 C 2989,

2004 WL 442602, at \*2 (N.D. Ill. Feb. 2, 2004)).

## I.

There appears to be some dispute when service of the complaint occurred. The date of service as marked by the Clerk of the Circuit Court of Cook County is September 28, 2005, while the date marked as received by the Roosevelt University's time stamp is October 18, 2005. This dispute is irrelevant, however, because the notice of removal was not filed until December 15, 2005. Whether service was effected on September 28 or October 18, the notice of removal was clearly filed more than thirty days after Roosevelt University received the complaint and is therefore untimely.

## II.

Even if Roosevelt University had filed the notice of removal in a timely fashion, we would lack subject matter jurisdiction. For removal to be proper, the federal court must have original jurisdiction. 28 U.S.C. § 1441(a). "The defendant bears the burden of establishing removability, and all doubts about federal jurisdiction are resolved in favor of remand to state court." *Peirick v. Hooters of Am.*, No. 05 C 4391, 2005 WL 2171184, at *1 (N.D. Ill. Aug. 31, 2005); *see also Clemons*, 2004 WL 442602, at *2.

According to the well-pleaded complaint rule, where the purported basis of removal is federal question jurisdiction, the plaintiff's cause of action must "arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542 (1987). In other words, unless a plaintiff affirmatively includes a federal cause of action in her complaint, a federal court normally may not hear her claim (at least on the basis of federal question jurisdiction).

Roosevelt University claims that the inclusion of what it describes as "causes of action based on federal grounds" establishes original jurisdiction. (Mot. for Removal ¶ 2). Roosevelt University further asserts that because the causes of action that grant the court original jurisdiction are joined with the otherwise non-removable state law breach of contract claim, the entire case is removable and the district court may determine all issues therein pursuant to 28 U.S.C. § 1441(c). (Mot. for Removal ¶ 2). We disagree. Our reading of the complaint is that the Plaintiff, acting *pro se*, intended for her claim to be grounded in state law. Her breach of contract claim is entitled "In Fact Implicit Contract Law Complaint on Behalf of the Plaintiff." (Compl. Cover, ¶ 1). With these obvious intentions, we cannot conclude that Plaintiff inadvertently converted her state law claim into a removable action based on the mention of federal claims. As "master of the complaint," the Plaintiff chose to base her claim in Illinois common law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398, 109 S. Ct. 2425 (1987); *see also Great Northern Ry. Co. v. Alexander*, 246 U.S. 276, 282, 38 S. Ct. 237 (1918) ("[T]he plaintiff may by the allegations of his complaint determine the status with respect to removability of a case."). To succeed on the state-law claim at issue here, Plaintiff need prove only breach of contract. While some of the ancillary federal issues may be discussed in doing so, Plaintiff need not prove them.

**CONCLUSION**

Plaintiff's motion to remand this case to the Circuit Court of Cook County is allowed for

lack of subject matter jurisdiction and for lack of the timeliness of the removal.   It is so ordered.


MARVIN E. ASPEN
United States District Judge


Dated: 4/3/06